UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE No.:

ARIE DAVIS,

    Plaintiff,

        v.

OLDCASTLE BUILDINGENVELOPE, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff ARIE DAVIS ("Plaintiff"), by and through undersigned counsel, sues defendant OLDCASTLE BUILDINGENVELOPE, INC. ("Defendant") and in support alleges as follows:

## NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendant, including her discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); the Family Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"); the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA") and Section 440.205 of the Florida Statutes.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action under 42 U.S.C. § 12010 *et. seq*. and 29 U.S.C. § 2601.

2.    Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar; because all or a substantial part of the events or

omissions giving rise to this cause of action took place in this judicial district; and because the employment records of Plaintiff are stored or have been administered in this judicial district.

3. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the Florida Civil Rights Act and Section 440.205 of the Florida Statutes.

**PARTIES**

4. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

5. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2)(A) and Fla. Stat. § 440.02(15).

6. At all times material, Plaintiff was a "qualified person" as defined by 42 U.S.C. § 12111(8).

7. At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

8. Defendant conducts business throughout the United States of America. Specifically, it maintains a business at 17851 NW Miami Ct, Miami, FL 33169, where Plaintiff used to work.

9. At all times material, Defendant was a "person" and "employer" as defined by 42 U.S.C. § 12111(5); 29 U.S.C. § 2611 (4)(A)(i); Fla. Stat. § 760.02(7); and Fla. Stat. § 440.02(16).

10. At all times material, Defendant employed fifty (50) or more employees for the applicable statutory period and it is subject to the employment discrimination and retaliation provisions of the applicable statutes.

11. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office on January 28, 2019.

   b. Plaintiff received a Notice of Right to Sue as to all charges of discrimination and retaliation on April 1, 2019, that was issued on March 28, 2019.

13. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. At all times relevant, Plaintiff was employed by Defendant from September 17, 2012, until July 12, 2018. During the course of her employment, Plaintiff occupied several positions. Plaintiff's last position was loader of glass.

15. Plaintiff performed her work admirably and was never reprimanded.

16. On or about May 2018, Plaintiff's first-born son who was 22 month old became sick and had to be hospitalized. Plaintiff had to take two weeks off from work to take care of her son.

17. Plaintiff timely notified her employer about her need to be absent from work on account of having to take care of her son. Defendant opened a case of FMLA for Plaintiff[1]. Plaintiff qualified for FMLA leave.

18. After returning to work, approximately between late June of 2018 and the first weeks of July of 2018, Plaintiff suffered a work-related injury, namely, Plaintiff injured her left shoulder while operating a crane. The injury happened while Plaintiff was working for the Defendant.

19. Plaintiff went to the office to notify the accident but no one from management was on site at that moment. Plaintiff was in need of urgent medical treatment and she was forced to leave her job site to go to a physician.

20. While waiting for the doctor to see her, Plaintiff received a text message from Cindy Caberello, who was in charge of Human Resources, telling her that Plaintiff's lead supervisor was looking for her. Plaintiff told Ms. Caberello where she was and what had happened. Ms. Caberello instructed Plaintiff to return to work and bring her medical paperwork.

21. When Plaintiff returned, she met with the General Manager, the lead supervisor and Ms. Caberello. They told Plaintiff that they were going to write her up for leaving without notice and for not going to their doctors. Afterwards, Ms. Caberello took Plaintiff to Defendant's doctor, filled out the paperwork, waited for her and drove Plaintiff back. Plaintiff requested and was put on light duty.

22. On the second day after the accident, a coworker told Plaintiff that he was surprised to see her, because the lead supervisor had said that he had to operate the crane insofar as she was a liability to the company.

---

[1] Plaintiff had taken FMLA before, in connection with the birth of her second son. When she took FMLA leave then, she was also qualified.

23. A few days later, on or about July 12, 2018, Plaintiff's lead supervisor asked her to do a task that, considering her current health condition and her request for light duty accommodation, was inherently dangerous, putting her corporal integrity and life in jeopardy. Plaintiff assessed the risk, found that it did not meet the conditions for a light duty accommodation and declined to do the task, accordingly.

24. About thirty (30) minutes later, Plaintiff was called into the office and terminated. Initially, Plaintiff was told that her claim for FMLA had been denied. When Plaintiff pointed out that her request for FMLA had been approved, then Ms. Caberello said that they had to let her go, anyhow.

25. Plaintiff's termination from employment was the result of purposeful discrimination and retaliation for having applied for FMLA leave or used FMLA leave, for being disabled or perceived as disabled and for requesting or attempting to request for worker's compensation benefits for the injury she suffered while working for Defendant.

### COUNT I: VIOLATION OF ADA BY DEFENDANT – DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE)

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out full herein.

27. Plaintiff's injuries to her left shoulder qualify as disabilities within the meaning of the ADA. The accommodation requested by Plaintiff to work light duty was reasonable.

28. At all times material, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

29. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff when shortly after Plaintiff asked for a reasonable accommodation, it failed to accommodate her by requiring from Plaintiff to perform tasks that were not comprehended

within light duty accommodation and terminated Plaintiff. Because of Plaintiff's disability, and/or perceived disability, Defendant discriminated against her in violation of the ADA.

30. At all times material, Defendant was aware of Plaintiff's disability conditions.

31. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

B. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT II: VIOLATION OF FMLA BY DEFENDANT – RETALIATION**

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out full herein.

33. After Plaintiff took FMLA leave and returned to her job in her prior employment status, Defendant terminated her using as an excuse that Plaintiff's request for FMLA leave had been denied when in fact it had been approved. Said made up excuse shows that Defendant's intention was to retaliate against Plaintiff for having taken FMLA leave to take care of her 22-month-old son, or because she made use of FMLA leave prior to her son getting sick.

34. Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA by retaliating against Plaintiff for having taken leave for legitimate medical reasons.

35. Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with Defendant.

36. The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

37. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for having taken FMLA medical leave, Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA anti-retaliatory provisions;

B. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FMLA;

E. Award Plaintiff prejudgment interest on her damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III: VIOLATION OF THE FCRA – HANDICAP DISCRIMINATION**

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out full herein.

39. Plaintiff suffered a work-related injury, namely, injuries to her left shoulder.

40. Defendant engaged in unlawful discrimination against Plaintiff because of Plaintiff's handicap and/or Defendant's perception of her handicap condition in violation of the FCRA when Defendant violated the light duty accommodation, forced Plaintiff to perform tasks that were outside the scope of the light duty definition, that were inherently dangerous and put her corporal integrity and life in jeopardy, and ultimately terminated her because she could not perform these tasks.

41. Due to Defendant's actions, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

42. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

43. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of her employment in violation of the FCRA.

44. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

B. Grant injunctive relief ordered by the court enjoining and permanently restraining these violations of the FCRA by Defendant;

C. Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT IV: RETALIATORY DISCHARGE UNDER FLA. STAT. § 440.205**

45.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out full herein.

46.   At all times relevant, Plaintiff was employed by Defendant.

47.   Approximately between late June of 2018 and the first weeks of July of 2018, Plaintiff suffered a work-related injury.

48.   The injury alleged above occurred while Plaintiff was working for Defendant.

49.   The injury alleged above required medical treatment.

50.   Shortly after the work-related accident, Plaintiff reported her injuries to Defendant, requested medical treatment, and spoke to the person in charge of the Human Resources department, and requested Defendant's workers' compensation.

51.   Plaintiff was terminated shortly after the accident and after receiving initial medical care under workers' compensation.

52.   Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

53.   Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

54. A motivating factor, which caused Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, Plaintiff would not have been fired but for her claiming workers' compensation benefits as described above.

55. Defendant's discharge of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

56. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

57. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the moment her case is finally adjudicated; front wages; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: June 4, 2019.	Respectfully submitted,

By: **R. Martin Saenz**
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549